**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 08-22380-CIV-UNGARO

EXPOSHIPS, LLLP, a Florida
Limited Liability Partnership,
      Plaintiff,

v.

COMMUNICORE, INC., a Missouri corporation
d/b/a Multicom,
      Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant's Response to Court's Order Requiring Response, filed May 27, 2009 (D.E. 33).

THE COURT is fully advised in the premises.  This case commenced on January 18, 2008 in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, and was removed to this Court on August 26, 2008.  On September 2, 2008, Defendant answer the Complaint and asserted a counterclaim against Plaintiff.  On November 24, 2008, the Court entered an Order Scheduling Mediation  (D.E. 16, the, "Mediation Order.)  While the Mediation Order puts the responsibility on Plaintiff's counsel to schedule the mediation, there is nothing in the Mediation Order that suggests that Defendant is excused from mediation if Plaintiff's counsel fails to do so.  Indeed, the Mediation Order states that in the event the parties cannot agree on a mediator they should notify the Clerk and the Clerk shall designate the mediator.  The Mediation Order further states that "**the <u>parties</u>** shall complete mediation within fifteen (15) days after the discovery cutoff . . . ."  (emphasis added).  Finally, the Mediation Order states, **"If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions will be imposed."**  The discovery cut-off in this case was set for March 20, 2009.  (D.E. 17.)  Thus, the

parties were required to mediate on or before April 4, 2009.

Defendant retained new counsel in December and, in early March, requested an extension of time to conduct discovery and file motions.  (D.E. 25.)   As its basis for its request for extension, Defendant's counsel stated, *inter alia,* that there was confusion amongst defense counsel as to which attorney would take the lead on behalf of Defendant, and as such, Defendant's counsel did not learn of the pretrial deadlines in the case until February 2009.   The Court denied counsel's three-month request for extension of time.  (D.E. 26.)

On April 21, 2009, the Court entered an Order to Show Cause, requiring *Plaintiff* to show cause on or before April 24, 2009, why this case should not be dismissed for failure to comply with the Mediation Order. When Plaintiff failed to respond by May 15, 2009, the Court dismissed the case.  Admittedly, however, the Court overlooked the fact that Defendant had asserted a counterclaim against Plaintiff in this case.  Thus, the Court entered a second Order to Show Cause, requiring *Defendant* to show cause why this case should not be dismissed for its failure to comply with the Mediation Order.  Defendant filed the instant Response, wherein it gives absolutely no explanation as to why it ignored the Court's Mediation Order, notwithstanding the fact that (1) it knew as late as February 2009 that it was required to mediate and that (2) nearly two months had passed since the mediation deadline.   Instead, Defendant simply points that the fact that the Mediation Order requires Plaintiff to schedule mediation, and that the Court's previous Order to Show Cause for failure to mediate was directed at Plaintiff. Defendant does not state whether it has even attempted to comply with the Mediation Order.

The Court notes that this case is very close to trial.  In fact, the parties Joint Pretrial Stipulation is due May 29, 2009, and the motion deadlines have all expired.  Accordingly, this Court will give the parties one final chance to mediate Defendant's counterclaim, but will have to

2

do so in a very tight time frame.  The parties have been aware of the mediation deadline for

months and there is simply no excuse for the fact that, at this late stage in the case, they have

failed to comply or make any apparent attempts to comply with this Court's Mediation Order.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the parties SHALL mediate Defendant's

counterclaim **on or before Wednesday, June 3, 2009.**  No extensions will be granted.

Defendant is cautioned that failure to comply with this deadline will result in a dismissal of its

counterclaim without further notice.  The deadlines contained in the Court's Amended

Scheduling Pretrial Order remain in effect and will not be extended absent compelling reason.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of May, 2009.


_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Magistrate Judge Simonton