UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-22380-CIV-UNGARO

EXPOSHIPS, LLLP, a Florida
Limited Liability Partnership,
    Plaintiff,

v.

COMMUNICORE, INC., a Missouri corporation
d/b/a Multicom,
    Defendant.
_____/

## ORDER ON MOTION TO EXCLUDE EXPERT WITNESSES

THIS CAUSE is before the Court upon Defendant/Counter-Plaintiff's Motion to Exclude Expert Witnesses, filed June 15, 2009 (D.E. 48). Plaintiff responded in opposition on June 18, 2009 (D.E. 51), and Defendant replied on June 22, 2009 (D.E. 55).

THE COURT has considered the Motion, pertinent portions of the record and is otherwise fully advised in the premises. Defendant seeks to strike nine "expert" witnesses identified on Plaintiff's Amended Witness List (D.E. 46). Defendant argues that these "experts" should be excluded from testifying at trial because Plaintiff failed to comply with Fed. R. Civ. P. 26.

In response, Plaintiff acknowledges that it failed to make the appropriate "expert" disclosures under Rule 26. However, Plaintiff argues that its "expert" witnesses are "hybrid" witnesses, and, therefore, it is "questionable whether the disclosure rules even apply." (Resp. ¶ 8.) For example, "experts" James Smith, Che De Boehmler, and Ralph Gonzalez are third-party contractors who were hired to address deficiencies in the communications system installed by Defendant, and Plaintiff lists them in its Amended Witness List as "experts" with knowledge about the communication systems' deficiencies. (Resp. ¶ 8; Witness List ¶¶ 5, 6, 31.) "Experts" Captain Mike Kilby and Captain Craig Matthews are the current captains of the vessel at issue (the Grand Luxe) and have first-hand knowledge about the vessel's communication systems'

deficiencies. (Resp. ¶ 8.) Plaintiff lists the captains as "experts" because they have knowledge about the systems' repairs. (Witness List ¶¶ 7-8.) "Experts" Luiz De Basto, a naval architect, and David Turner, a naval engineer, were involved in the design and construction of the vessel and, Plaintiff lists them as "experts" with knowledge about the vessel's design and plans. (Resp. ¶ 9; Witness List ¶¶ 28-29.)

The Court finds these witnesses appear to have a connection to the specific events underlying this case, apart from any preparation for trial, and their anticipated roles at trial appear to be that of fact witnesses. *See Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (discussing "hybrid" witnesses and expert disclosure requirements). Plaintiff may call these witnesses solely to offer lay testimony about particularized personal knowledge they acquired by virtue of their involvement with the Grand Luxe and the facts underlying this case. *See* Fed. R. Evid. 701, Advisory Committee Notes 2000 Amendments (distinguishing between lay and expert testimony).

Finally, the Court addresses Defendant's request to exclude "experts" Gene Goldin, CPA and Robert Birkfield, CPA. Plaintiff lists these two individuals as "experts" on their Amended Witness List and states that they have "knowledge of damages." (Witness List ¶¶ 20, 23.) Plaintiff argues in its Response that these two CPAs are regularly employed by Plaintiff and are needed to testify regarding financial damages. (Resp. ¶ 9.) The Court holds that Goldin and Birkfield are permitted to give lay testimony on damages *so long as* their testimony is based on personal knowledge of the facts underlying their opinion and their testimony has a rational connection to those facts. *See, e.g., Mississippi Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, (5th Cir. 2002) (collecting cases where courts have allowed lost profit testimony by a layperson witness if the witness has direct knowledge of the business accounts underlying the profit

calculation); *see also* Fed. R. Evid. 701, Advisory Committee Notes 2000 Amendments (noting that courts have permitted business owners to testify to financial damages where their testimony is based on their knowledge and participation in the day-to-day affairs of a business). Thus, these witnesses do not necessarily have to offer "expert" testimony and, to the extent that they are offering lay testimony under Fed. R. Evid. 701, Rule 26 expert disclosure requirements do not apply. It will be Plaintiff's burden to lay the appropriate foundation for these lay witnesses' testimony at trial.

ORDERED AND ADJUDGED that Defendant's Motion to Exclude (D.E. 48) is DENIED in accordance with this order. It is further

ORDERED AND ADJUDGED that Plaintiff's request for a continuance, contained in its Response, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of June, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record